Filed 11/7/23  P. v. Villanueva CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FRANK ANTHONY VILLANUEVA,<br><br>Defendant and Appellant. | C097379<br><br>(Super. Ct. No. 18CF02521) |

A jury found defendant Frank Anthony Villanueva guilty of continuous sexual abuse of a minor and the trial court sentenced him to the low term of six years in state prison.  On appeal, Villanueva argues he should have been placed on probation because the court did not adequately account for all the factors favoring probation in his case.  We will affirm the judgment.

BACKGROUND

This appeal involves multiple sexual abuse counts as against three victims, Jane Doe 1, Jane Doe 2, and Jane Doe 3.  The Butte County District Attorney's Office charged

1

Villanueva with continuous sexual abuse of Jane Doe 1 (Pen. Code, § 288.5, subd. (a); count 1)[1] and five counts of lewd and lascivious acts on a child under the age of 14 as to Jane Doe 2 (§ 288, subd. (a); counts 2-6).

At trial, and as relevant to the issues on appeal, Jane Doe 1 testified Villanueva was her sister's boyfriend. Villanueva lived in the same house with her, where she shared a room with her mother. When she was nine years old, Villanueva would crawl into the room after everyone was asleep and touch her vagina over her clothes. This occurred at least weekly until Jane Doe 1 was 13 or 14 years old. Jane Doe 1 told her family about the conduct when it first happened, but nobody intervened to stop the abuse.

Jane Doe 2 testified Villanueva was her aunt's boyfriend. When she was 10 years old, she was playing hide-and-seek with her cousins when Villanueva touched her buttocks and vagina. He also touched her when she was sleeping and would leave if she woke up. He touched her more than 50 times beginning when she was 10 years old and ending when she was 11 years old. She recounted specific incidents where he had touched her, including one where he touched her with his penis in the shower.

Jane Doe 3 testified Villanueva used to be her neighbor.[2] When she was 11 years old, she was playing with Villanueva's daughters and he touched her buttocks. Over a period of two or three months, Villanueva touched her over nine times. When Jane Doe 3's mother confronted Villanueva about his actions, he said, "Oh, no, not again."

The jury found Villanueva guilty of count 1 for his actions towards Jane Doe 1, but not guilty of count 5 for his actions towards Jane Doe 2. The jury was unable to reach a verdict on the remaining four counts. The prosecution elected to retry those

---

[1] Undesignated statutory references are to the Penal Code.

[2] Defendant's conduct towards Jane Doe 3 occurred while the current case was pending and defendant was released on his own recognizance. The allegations involving Jane Doe 3 were initially charged in a separate action but were consolidated for trial.

allegations and filed a second amended information, which added a count of annoying and molesting a child (§ 647.6, subd. (a)(1); count 7) as to Jane Doe 2 and Jane Doe 3. Villanueva pled no contest to count 7 and the court dismissed counts 2 through 6.

Before sentencing, the trial court received and reviewed a comprehensive sex offender evaluation, a probation report, and a statement in mitigation and sentencing brief from Villanueva. The evaluation explained Villanueva had a "Low/Moderate Risk of Sexual Reoffense," but observed he could have "difficulty successfully participating in sex offender treatment primarily due to his denial of all the sexual offenses and indicated difficulty engaging in therapeutic intervention." He would attend sex offender treatment if the court ordered him to do so.

In the probation report, Villanueva denied any sexual contact with the victims. He expressed a willingness to comply with any terms of probation the court imposed. He explained he would take care of his children and wanted to be a "productive member of society." Villanueva was 23 years old at the time of the first offense and 26 years old by the time of the last offense, making him a "youth" for at least a portion of the offenses. Villanueva no longer resided with any of the victims.

Villanueva filed a statement discussing his biographical information and noting he had two children who required his support. He indicated he had "deep remorse" for his actions, had learned that alcohol and marijuana hurt his ability to function, and intended to remain sober after his release. The statement argued he did not meet any of the criteria excluding him from probation consideration under section 1203.066 and met all the prerequisite conditions permitting probation for sex offenders under section 1203.067. Given his eligibility for probation, Villanueva argued several factors favored probation in his case, including his relative lack of criminal history and willingness to participate in sex offender treatment. He would live with his stepfather, away from the victims and other children.

At the sentencing hearing, Villanueva asked for probation, noting his conduct was "less severe" than other crimes of a similar nature because there was no penetration, violence, or threats of violence, and the touching occurred over clothing. The prosecution argued probation was inappropriate because Villanueva had been released on his own recognizance when he committed the offense against Jane Doe 3, and that he would thus be dangerous if released into the community. Moreover, while Villanueva was a youth when he first started to offend, his behavior extended over several years, taking him out of consideration as a youth.

The trial court explained it had reviewed Villanueva's briefing, as well as the sex offender evaluation and the probation report. The court considered whether there were any factors under section 1203.066 that would preclude eligibility for probation and found no factors had been proven by the prosecution. The court then discussed the probation report and sex offender evaluation in the context of section 1203.067 and concluded Villanueva was eligible for probation. However, the court denied Villanueva's request for probation, saying, "[W]ith the trial testimony in mind, especially as it relates to [the] victim alleged in Count One, the 288.5, the Court finds that probation is denied based on the nature, seriousness, and circumstances of this case."

The court imposed the lower term sentence of six years in state prison for count 1 with a concurrent one-year sentence for count 7.

## DISCUSSION

Villanueva argues the trial court abused its discretion when it denied probation because the factors in favor of "granting probation in this case far outweighed the factors favoring its denial, even as summarily identified by the sentencing court." The parties disagree whether section 17.2, which took effect after the sentencing hearing and requires trial courts to "consider alternatives to incarceration, including . . . probation," should apply retroactively to Villanueva's case. Even if the statute applies, however, we disagree the trial court abused its discretion when it denied probation.

4

The trial court has discretion to make numerous sentencing choices, including whether to grant or deny probation. When making these choices, the trial court need only state its reasons in simple language, identifying the primary factor or factors that support the exercise of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 850-851; Cal. Rules of Court, rule 4.406(a).) To review a trial court's decision to deny probation, we may not substitute our judgment for that of the trial court. " 'Our function is to determine whether the trial court's order [denying] probation is arbitrary or capricious or exceeds the bounds of reason considering all the facts and circumstances.' " (*People v. Weaver* (2007) 149 Cal.App.4th 1301, 1311, disapproved on other grounds as stated in *People v. Cook* (2015) 60 Cal.4th 922, 928.) A defendant bears a " 'heavy burden' " when attempting to show an abuse of discretion. (*Ibid.*)

Rule 4.414 of the California Rules of Court sets forth certain criteria relevant to the trial court's decision to grant or deny probation. Relevant factors include the "nature, seriousness, and circumstances of the crime as compared to other instances of the same crime" (*id.*, 4.414(a)(1)), "the vulnerability of the victim" (*id.*, 4.414(a)(3)), whether "the defendant inflicted physical or emotional injury" (*id.*, 4.414(a)(4)), whether "the defendant took advantage of a position of trust or confidence to commit the crime" (*id.*, 4.414(a)(9)), and whether the defendant is remorseful (*id.*, 4.414(b)(7)). A trial court may also consider additional criteria not listed in the rules if those criteria are reasonably related to the decision. (*Id.*, 4.408(a).) The trial court is not limited to factors that "have been stipulated to by the defendant or found true beyond a reasonable doubt at trial." (*Id.*, 4.414(c).)

Unless the record affirmatively shows otherwise, a trial court is deemed to have considered all relevant criteria in deciding whether to grant or deny probation or in making any other discretionary sentencing choice. (Cal. Rules of Court, rule 4.409.) "[I]n determining whether a trial court abused its discretion by denying probation, we consider, in part, whether there is sufficient, or substantial, evidence to support the

5

court's finding that a particular factor was applicable." (*People v. Weaver, supra*, 149 Cal.App.4th at p. 1313.)

Noting Villanueva's eligibility for probation, the trial court denied his request for probation because of the "nature, seriousness, and circumstances" of the case, particularly because of Villanueva's conduct towards Jane Doe 1. Adequate evidence supported the trial court's conclusion the conduct was serious compared to other instances of the same crime. Section 288.5 requires a person to engage in "three or more acts" over a period "not less than three months in duration" to be guilty of continuous sexual abuse of a child. Here, Villanueva sexually abused Jane Doe 1 on a weekly basis for four or five years, far more than is required to convict him of continuous sexual abuse.

The nature and circumstances of the crime were also relatively severe. Villanueva snuck into the victim's bedroom while she was sleeping to sexually abuse her, even when the victim's mother was sleeping next to her. After the first instance of abuse, the victim told her family what was going on. The victim suffered negative consequences for doing this, including that her brother "disowned" her, but Villanueva continued sexually abusing her, despite the clear negative effects. Similarly, even after the prosecution charged him, Villanueva proceeded to molest Jane Doe 3 while he was released. Even if we were to accept Villanueva's contention that any individual instance of his touching was de minimis, the fact that more serious or violent cases exist at all does not mean the trial court could not rely on this factor to deny Villanueva's request.

Villanueva argues several other factors support his request for probation, including his lack of criminal history, his ability and willingness to comply with the terms of probation, amenability to sex offender treatment, the effects of imprisonment on his family, his remorse for his conduct, and his low/moderate risk of reoffending. Each of these factors was raised before the trial court at sentencing, however, and Villanueva does not point to anything in the record suggesting the court failed to consider these factors, aside from the fact it denied his request.

6

There is also evidence in the record that the trial court could have relied on to discount at least some of these factors. For instance, the sex offender evaluation observed Villanueva may have difficulty with sex offender treatment because he denied committing any sexual offenses; Villanueva made similar statements to the probation officer. Such evidence suggests limited weight be given to Villanueva's statements that he is amenable to sex offender treatment and that he is remorseful for his conduct. Likewise, as noted above, he continued to offend while out of custody in this case, further suggesting a lack of remorse and a potential inability to comply with terms of probation. While Villanueva may disagree with the trial court's sentencing decision, we see no indication it failed to exercise informed discretion or acted arbitrarily or beyond the bounds of reason when it denied Villanueva's request for probation.

## DISPOSITION

The judgment is affirmed.


/s/
BOULWARE EURIE, J.



We concur:



/s/
ROBIE, Acting P. J.



/s/
KRAUSE, J.

7